UNITED STATES DISTRICT COURT                    NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK

---

CHARLES HILL,

                                    Plaintiff,            ORDER

               - versus -                                14-CV-3458

ISIDRO BACA, ABBVIE INC., et al.,

                                    Defendants.

---

JOHN GLEESON, United States District Judge:

               Charles Hill alleges in this *pro se* action that he was given drugs without being

notified of potential side effects while a patient at Napa State Hospital in Napa, California.[1]  Hill

names as defendants numerous drug companies[2] and others, and claims that the drugs he was

administered gave him diabetes and hyperglycemia.  He further claims that the failure to warn

him of these possible side effects violated various provisions of Nevada law as well as 42 U.S.C.

§ 1983, 18 U.S.C § 1962(2), Article II, Section 3 of the United States Constitution, and the First,

Fifth, Seventh, Eighth, Ninth, and Fourteenth Amendments.  For the reason discussed below, this

case shall be transferred to the Northern District of California.

               Pursuant to 28 U.S.C. § 1391(b) a plaintiff may bring an action in:

> (1) a judicial district in which any defendant resides, if all defendants are
> residents of the State in which the district is located; (2) a judicial district
> in which a substantial part of the events or omissions giving rise to the
> claim occurred, or a substantial part of the property that is the subject of
> the action is situated; or (3) if there is no district in which an action may
> otherwise be brought as provided in this section, any judicial district in
> which any defendant is subject to the court's personal jurisdiction with
> respect to such action.

---

[1]     Hill's complaint is more difficult to read than most.  This order is based on my best effort to figure
out the essence of his claims.

[2]     Many defendants are named throughout the complaint and are not listed in the caption.

28 U.S.C. § 1391(b).  Although two of the defendants are alleged to reside in New York (Bristol Meyers-Squibb and Pfizer), many of the other defendants are residents of different states, so § 1391(b)(1) is inapposite.  Turning to § 1391(b)(2), it is the Court's understanding that the events giving rise to this suit – Hill being administered the drugs that he alleges resulted in his illnesses – took place entirely in Napa, California.  Napa is located in the Northern District of California, 28 U.S.C. § 84(a), accordingly, this Court is not the appropriate venue for this action.

As such, in the interest of justice, the Clerk of the Court is hereby directed to transfer this action to the United States District Court for the Northern District of California.  28 U.S.C § 1406(a).  The Court offers no opinion on the merits of this action and the decision regarding Hill's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is reserved for the transferee court.  The provision of Local Rule 83.1 that requires a seven-day stay is hereby waived.  The Clerk of the Court is directed to mark this case closed.

So ordered.

John Gleeson, U.S.D.J.

Dated: July 1, 2014
         Brooklyn, New York